## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSE RAUL VARGAS-MARRERO,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 22-CV-2342** |
| | : | |
| **PENNSYLVANIA DEPARTMENT** | : | |
| **OF CORRECTIONS,** *et al.*, | : | |
| **Defendants.** | : | |

### MEMORANDUM

**SÁNCHEZ, C.J.**                                                   **AUGUST 8, 2022**

Plaintiff Jose Raul Vargas-Marrero, a convicted prisoner currently housed at SCI Phoenix, filed this civil rights Complaint naming as Defendants the Pennsylvania Department of Corrections ("DOC"), A. Jordan (identified in the Complaint as a Unit Counselor), M. Fedder (identified as a Unit Manager), Kirin (identified as a Sergeant), and Hale (identified as a Correctional Officer).  The individually named Defendants are sued in their official and individual capacities.  Vargas-Marrero also seeks leave to proceed *in forma pauperis*.  For the following reasons, the Court will grant Vargas-Marrero leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### I.    FACTUAL ALLEGATIONS

The allegations in Vargas-Marrero's Complaint are extremely brief.  Vargas-Marrero avers that the events giving rise to his claims started in October 2021 when Correctional Officer Hale spit in his food.  (Compl. (ECF No. 1) at 4.)[1]  Other than this one assertion as to Defendant Hale, there are no specific allegations in the Complaint as to what any of the other individually

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

named Defendants did to violate his constitutional rights.  Rather, Vargas-Marrero generally

avers that he was denied legal representation and outside contact and asserts that Defendants

violated his rights by "not following protocols."  (*Id.* at 3-4.)  Vargas-Marrero seeks monetary

damages in an "undisclosed amount" for mental and emotional suffering.  (*Id.* at 5.)

## II.    STANDARD OF REVIEW

The Court will grant Vargas-Marrero leave to proceed *in forma pauperis* because it

appears that he is incapable of paying the fees to commence this civil action.[2]  Accordingly, 28

U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Vargas-Marrero's Complaint if it fails to

state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by

the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure

12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the

Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to

state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quotations omitted).   "'At this early stage of the litigation,' '[the Court will] accept the facts

alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's]

favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to

state a plausible [] claim.'"  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting

*Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not

suffice.  *Iqbal*, 556 U.S. at 678.  As Vargas-Marrero is proceeding *pro se*, the Court construes his

allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay*

*Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

---

[2] Because Vargas-Marrero is a prisoner, he must still pay the entire filing fee in installments as mandated by the Prison Litigation Reform Act.

## III.    DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  In a §1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998); *see also Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)).

### A.    Claims Against the Pennsylvania Department of Corrections

To the extent that Vargas-Marrero seeks money damages against the DOC, his claims are not plausible.  States and their agencies, like the DOC, are not considered "persons" for purposes of § 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989).  Furthermore, the Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages.  *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003).  The Commonwealth of Pennsylvania has not waived that immunity.  *See* 42 Pa. Cons. Stat. § 8521(b).  Accordingly, Vargas-Marrero cannot state a plausible § 1983 claim against the DOC.

### B.    Official Capacity Claims

Vargas-Marrero asserts claims against all the individual Defendants – Jordan, Fedder, Kirin, and Hale – in their official capacities.  (Compl. at 2-3.)  "Official-capacity suits . . .

3

'generally represent only another way of pleading an action against an entity of which an officer is an agent.'"  *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n.55 (1978)).  Thus, official capacity claims against the individual defendants — all of whom are employed by the DOC — are really claims against the DOC, which is shielded from § 1983 suits by Eleventh Amendment immunity.  *See supra* § III.A.1*; see also Downey v. Pennsylvania Dep't of Corr.*, 968 F.3d 299, 309-10 (3d Cir. 2020) ("Eleventh Amendment immunity bars actions for retroactive relief against state officers acting in their official capacity.").  Accordingly, the Court will dismiss Vargas-Marrero's official capacity claims against Jordan, Fedder, Kirin, and Hale because they are barred by the Eleventh Amendment.

> ### C.     Individual Claims Against Defendants Jordan, Fedder, and Kirin

Vargas-Marrero has named Unit Counselor Jordan, Unit Manager Fedder, and Sergeant Kirin as Defendants.  Other than naming these Defendants in the caption of the Complaint, Vargas-Marrero makes no specific allegations against them.  Rather, Vargas-Marrero generally avers that he was denied legal representation and outside contact and asserts that Defendants violated his rights by "not following protocols."  (Compl. at 3-4.)  It is not clear to whom Vargas-Marrero is referring in making these allegations and, accordingly they are insufficient to allege that these Defendants had any personal involvement in the claimed constitutional violations, especially since the Complaint only briefly describes an action committed by Defendant Hale.  *See Lawal v. McDonald*, 546 F. App' x 107, 113 (3d Cir. 2014) (pleading that relied on "repeated and collective use of the word 'Defendants'" was ambiguous about each Defendant's role in the events giving rise to plaintiff's claims).

It is possible that Vargas-Marrero named Unit Manager Fedder and Sergeant Kirin as Defendants in this case based on their supervisory positions at SCI Phoenix.  (Compl. at 2-3.) There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates."  *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015).  First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.*; *see also Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)).

By extension, supervisors are not liable solely by virtue of the fact that their subordinates committed constitutional violations absent some measure of conduct traceable to the supervisors themselves.  *See Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").  Nor are generalized allegations that a defendant is "in charge of" or "responsible for" an office or facility sufficient to allege personal involvement in an underlying constitutional violation.  *See Saisi v. Murray*, 822 F. App'x 47, 48 (3d Cir. 2020) (*per curiam*) ("Saisi asserted that some defendants were 'in charge of agencies that allowed this to happen,' and that liability stemmed merely from

defendants' 'belief' that their conduct would be 'tolerated.'  However, a director cannot be held liable 'simply because of his position as the head of the [agency].'" (quoting *Evancho v. Fisher*, 423 F.3d 347, 354 (3d Cir. 2005)).

Vargas-Marrero has not alleged plausibly that Defendants Jordan, Fedder, and Kirin, though their action or inaction, violated his constitutional rights.  He has not specified any personal conduct, nor has he alleged that any of these Defendants directed subordinates to violate his rights or knew of but acquiesced in constitutional violations committed by subordinates.  In sum, Vargas-Marrero has not alleged a plausible basis for these Defendants' liability. Accordingly, Vargas-Marrero's claims against Jordan, Fedder, and Kirin will be dismissed without prejudice and with leave granted to file an amended complaint if Vargas-Marrero is able to cure the defects the Court has identified.

### D.      Individual Claims Against Defendant Hale

The Court construes Vargas-Marrero's allegation that Defendant spit in his food as a challenge to his conditions of confinement.  The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement.  *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005).  Unconstitutional punishment typically includes both objective and subjective components.  *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007).  The objective component requires an inquiry into whether "the deprivation [was] sufficiently serious" and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]"  *Id.* (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Bell*, 441 U.S. at 538-39, 539 n.20).  In general, a prisoner must assert that prison officials acted with deliberate indifference, meaning that they consciously disregarded a serious risk to the detainee's health or safety.  *See Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991); *see also Wilson v. Burks*, 423 F. App'x 169, 173

(3d Cir. 2011) (*per curiam*) ("'[T]he official must both be aware of facts from which the inference could be drawn that a substantial harm exists, and he must also draw that inference.'") (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)); *cf. Edwards v. Northampton Cty.*, 663 F. App'x 132, 135 (3d Cir. 2016) (*per curiam*) ("[W]e agree with the District Court and find no reason to apply a different standard here as we have applied the 'deliberate indifference' standard both in cases involving prisoners and pretrial detainees." (internal citations omitted)).

To establish an Eighth Amendment violation based on the conditions of confinement, a prisoner must establish that prison officials' acts or omissions denied him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 256 (3d Cir. 2010) (stating that the Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials provide "humane conditions of confinement."). Such necessities include food, clothing, shelter, medical care, and reasonable safety. *Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 418 (3d Cir. 2000). A prisoner must also establish that the defendants acted with deliberate indifference. *Farmer*, 511 U.S. at 835.

The Eighth Amendment protection requires that prisoners be served "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger" to their health and well-being. *Duran v. Merline*, 923 F. Supp. 2d 702, 720 (D.N.J. 2013) (citing *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983) (quoting *Ramons v. Lamm*, 639 F.2d 559, 571 (10th Cir. 1980)); *Mora v. Camden Cty.*, Civ. A. No. 09-4183, 2010 WL 2560680, at *8 (D.N.J. June 21, 2010)). It has been held that "prison officials may violate the Eighth Amendment by serving unsanitary, spoiled or contaminated food if the prisoner also alleges that he or she suffered a distinct and palpable injury." *See DeJesus v. Carey*, Civ. A. No. 15-2504,

2016 WL 6134540, at *3 (M.D. Pa. Oct. 20, 2016) (citing *Robles*, 725 F.2d at 15); *Escobar v. Mora*, 496 Fed. Appx. 806 (10th Cir. 2012) (inmate stated a claim when he alleged that he lost thirty pounds and suffered psychological and mental injury because officer spit in food). However, food tampering has also been found not to state a claim where no physical injury has been alleged.  *See Rieco v. Moran*, 633 Fed. Appx. 76 (3d Cir. 2015) (inmate did not state an Eighth  Amendment food tampering claim where no injury alleged).

   In the instant case, Vargas-Marrero alleges a single incident but does not allege that he suffered any physical injury from the incident.  He also does not allege that he consumed the allegedly tainted food.  The Prison Litigation Reform Act requires a prisoner to "demonstrate physical injury before he can recover for mental or emotional injury." *Mitchell v. Horn*, 318 F.3d 523, 533 (3d Cir. 2003) (citing 42 U.S.C. § 1997e(e)).  Because he has not established sufficiently serious deprivation to satisfy the objective element of the Eighth Amendment analysis, and fails to allege he suffered any physical injury, Vargas-Marrero has not alleged a plausible Eighth Amendment claim based on possible contamination to his food.  However, because the Court cannot say at this time that Vargas-Marrero can never assert a claim based on the contamination of his food, he will be permitted the opportunity to amend his pleading if he can cure these defects.

   **E.**  **Access to Courts**

   Assuming *arguendo* that Vargas-Marrero properly alleged personal involvement against an appropriate Defendant, his allegation that he was denied legal representation (*see* Compl. at 3) is nonetheless conclusory and therefore not plausible.  Without further explanation, Vargas-Marrero alleges that he was denied legal representation.  (Compl. at 3.)  The Court construes this statement as an allegation that Vargas-Marrero has been denied access to the courts.  "Under the

First and Fourteenth Amendments, prisoners retain a right of access to the courts." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008).  "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury' -- that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." *Id.* (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)); *see also Tinsley v. Giorla*, 369 F. App'x 378, 381 (3d Cir. 2010) (A pretrial detainee "making an access to courts claim is required to show that the denial of access caused actual injury.").  Furthermore, "the underlying cause of action, . . . is an element that must be described in the complaint." *Christopher*, 536 U.S. at 415.

Vargas-Marrero has failed to plausibly allege any actual injury as a result of the Defendants' conduct that could equate to a denial of access to the courts.  Additionally, Vargas-Marrero has not alleged what underlying nonfrivolous claims he was unable to pursue as a result of any Defendant's actions.  The Court will dismiss these claims to the extent they are alleged. *See, e.g.*, *Monroe*, 536 F.3d at 206 (plaintiffs' allegations that "they lost the opportunity to pursue attacks of their convictions and civil rights claims" without "specify[ing] facts demonstrating that the claims were nonfrivolous" did not state a claim); *see also Talley v. Varner*, 786 F. App'x 326, 328 (3d Cir. 2019) (*per curiam*) (no denial of access to the courts where inmate "failed to allege what underlying nonfrivolous claims he was unable to pursue due to [a] two-week delay" caused by the defendants); *Williams v. Sec'y Pennsylvania Dep't of Corr.*, 566 F. App'x 113, 116 (3d Cir. 2014) (*per curiam*) ("Here, Williams alleged only that he was told he could not send mail without having sufficient funds.  He has not alleged that he lost a

claim because of the supposed denial, and therefore he has not made out an access-to-the-courts claim.").

### F.    Denial of Phone Calls and Visitation

Vargas-Marrero alleges that he has been denied outside contact but provides no further factual allegations with regard to these claims.  (Compl. at 3.)  Although prisoners may have a limited First Amendment right to communicate with family and friends, *see Overton v. Bazzetta*, 539 U.S. 126, 131-32 (2003), "prisoners 'ha[ve] no right to unlimited telephone use,' and reasonable restrictions on telephone privileges do not violate their First Amendment rights." *Almahdi v. Ashcroft*, 310 F. App'x 519, 522 (3d Cir. 2009) (per curiam) (quoting *Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994)); *Randall v. Cty. of Berks, Pa.*, Civ. A. No. 14-5091, 2015 WL 5027542, at \*17 (E.D. Pa. Aug. 24, 2015) (noting that "a pretrial detainee does not have unfettered telephone access").  Similarly, inmates do not generally enjoy a constitutional right to visitation.  *See Kentucky Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989) (no due process right to unfettered visitation); *Block v. Rutherford*, 468 U.S. 576, 585-88, (1984) (pretrial detainees have no constitutional due process right to contact visits).

Vargas-Marrero has failed to allege other than in conclusory terms that he has been outside contact.  Therefore, he has again failed to state plausible claims for constitutional violations under the *Iqbal* standard.  *See Aruanno v. Johnson*, 568 F. App'x 194, 195 (3d Cir. 2014) (*per curiam*) (conclusory allegations "concerning [prisoner's] lack of phone access to friends and family" failed to state a claim); *Almahdi*, 310 F. App'x at 522 (rejecting First Amendment claim based on telephone restrictions where "Almahdi makes no assertion—and there is no evidence — that he lacked alternative means of communicating with persons outside the prison") (citing *Valdez v. Rosenbaum*, 302 F.3d 1039, 1048 (9th Cir. 2002)); *Riley v. Ortiz*,

Civ. A. No. 17-3233, 2017 WL 4228064, at *2 (D.N.J. Sept. 22, 2017) ("A loss of visitation privileges is an ordinary incident of prison life.") (citations omitted).

IV.     **CONCLUSION**

For the foregoing reasons, the Court will grant Vargas-Marrero leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Vargas-Marrero's claims against the Pennsylvania Department of Corrections and his official capacity claims will be dismissed with prejudice because the defects in those claims cannot be cured.  Vargas-Marrero's remaining claims will be dismissed without prejudice to allow amendment in the event that he can allege sufficient facts to cure the defects identified in those claims.  Cognizant of Vargas-Marrero's *pro se* status, the Court will grant him an opportunity to "flesh out [his] allegations by . . . explaining in the amended complaint the 'who, what, where, when and why' of [his] claim."  *See Davis v. Internal Revenue Serv.*, No. 21-4728, 2022 WL 407639, at *3 (E.D. Pa. Feb. 9, 2022) (citing *Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at * 4 (D.N.J. Oct. 16, 2019)).  Any amended complaint should clearly describe the factual basis for Vargas-Marrero's claims against the relevant defendant or defendants and how each defendant was involved in the alleged denial of his constitutional rights.  An appropriate order follows.

BY THE COURT:

/s/ Juan R. Sánchez
**JUAN R. SÁNCHEZ, C.J.**